

**In The**
**Court of Appeals**
**Sixth Appellate District of Texas at Texarkana**

_____

No. 06-06-00095-CV
_____

RAY AND CAROL CLAXTON, Appellants

V.

(UPPER) LAKE FORK WATER CONTROL AND IMPROVEMENT
DISTRICT NO. 1, Appellee

On Appeal from the 62nd Judicial District Court
Hopkins County, Texas
Trial Court No. CV30583

Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Chief Justice Morriss

O P I N I O N

In a decade-old, muddy dispute flowing from a 1963 easement, Ray and Carol Claxton sued the (Upper) Lake Fork Water Control and Improvement District No. 1 (District). The Claxtons had purchased Hopkins County land on part of which was already located the District's flood control project, including a dam and a "sediment pool" just downstream of the dam.

Since 1995, the Claxtons have been attempting to obtain from the District a degree of control over the dam and sediment pool, which appear to have been poorly maintained in recent years. The Claxtons sought authority to make some changes in the sediment pool and to take actions involving the level of water in the pool, without interfering with the District's right to maintain or repair the dam and overflow system. The Claxtons alternatively asked for a declaration requiring the District to perform certain alleged duties under the terms of the easement. By July 19, 2006, the date the trial court granted summary judgment in favor of the District, the Claxtons were seeking a declaratory judgment construing the easement and declaring it to have been abandoned, damages for the District's failure to perform duties allegedly required by the easement, recovery in quantum meruit for repairs undertaken by the Claxtons when the District failed to perform its alleged duties, recovery of the land under adverse possession theories, and "exclusion of property from the District."

Assailing the summary judgment,[1] the Claxtons raise various contentions of error.[2]  We

---

[1]One complaint on appeal is that the trial court erred in denying the Claxtons' special exceptions to the District's motion for summary judgment. We agree that this appeal does not turn on that issue.  Rather, we find that fact issues exist which preclude the grant of summary judgment.

The Claxtons asked the trial court to order the District to replead its motion for summary judgment for several reasons.  The summary judgment motion is over 110 pages long, and is, well, muddy in failing to identify which elements of any of the Claxtons' causes of action the District thought it could conclusively disprove.  The Claxtons were put into a position to set out each of their causes of action, provide a list of the elements of each, and direct the trial court to summary judgment evidence that they believed provided some proof of each.

The Texas Supreme Court has stated that a summary judgment motion that does not identify or address causes of action or their essential elements—even though it states that it embraces all causes of action—does not support summary judgment against those causes of action.  *Black v. Victoria Lloyds Ins. Co.*, 797 S.W.2d 20 (Tex. 1990).  We review a trial court's ruling on special exceptions for an abuse of discretion.  *Martin v. McDonald*, No. 08-05-00301-CV, 2006 WL 3517854 (Tex. App.—El Paso Dec. 7, 2006, no pet.) (mem. op.); *Hefley v. Sentry Ins. Co.*, 131 S.W.3d 63, 65 (Tex. App.—San Antonio 2003, pet. denied); *Kutch v. Del Mar College*, 831 S.W.2d 506, 508 (Tex. App.—Corpus Christi 1992, no writ).  The test for an abuse of discretion is whether the trial court acted without reference to any guiding rules or principles.  *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985).

Had we been forced to rule on this issue, we would conclude the trial court did not properly apply the rule on summary judgments and abused its discretion by denying the requested special exceptions.

[2]Some of the Claxtons' claims on appeal involve an "agreed judgment" that was entered in 2002, which would have ended this altercation.  The District nevertheless filed a motion for new trial, which was facially untimely but nonetheless granted.  We initially dismissed the case because of the 2002 "final" judgment.  Counsel then obtained a judgment nunc pro tunc stating that the 2002 judgment was actually signed at a date later than shown on the judgment—which had the effect of making the motion for new trial timely—and the litigation then continued.  The 2006 summary judgment was then the final judgment.  We reinstated the case, and the appeal continued.

On this appeal, the Claxtons again claim that the 2002 judgment is truly the final judgment and that we, therefore, have no jurisdiction over this case.  We addressed these issues in our opinion

3

reverse the summary judgment and remand this case to the trial court for further proceedings consistent with this opinion, because fact issues preclude summary judgment on this motion.

Summary judgment for a defendant is proper when the defendant negates at least one element of each of the plaintiff's theories of recovery or pleads and conclusively establishes each element of

---

on rehearing on our dismissal for want of jurisdiction. *Claxton v. (Upper) Lake Fork Water Control & Improvement Dist. No. 1*, 220 S.W.3d 537 (Tex. App.—Texarkana 2007, no pet.) (op. on reh'g). For the reasons stated there, the 2006 judgment is the final judgment, and we do have jurisdiction over this appeal.

The Claxtons also contend that the trial court erred by granting the 2002 motion for new trial in favor of the District, arguing that the grant was error for a variety of reasons. The merits of that claim are irrelevant, because an order granting a new trial within the plenary power period of the trial court is not subject to review either by direct appeal from that order, or from a final judgment rendered after further proceedings in the trial court. *Cummins v. Paisan Constr. Co.*, 682 S.W.2d 235, 236 (Tex. 1984).

We overrule both contentions of error challenging our finding that the 2006 judgment is the final judgment.

an affirmative defense. *Sci. Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex. 1997); *Wornick Co. v. Casas*, 856 S.W.2d 732, 733 (Tex. 1993).[3] In this respect, the District's motion fails.[4]

Key to this lawsuit are four paragraphs from the easement in which the District is the grantee:

5) The Grantee is responsible for operating and maintaining the above described works of improvement.

---

[3]The general rule is that the movant has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985). Once the movant establishes that it is entitled to summary judgment, the burden shifts to the nonmovant to show why summary judgment should not be granted. *Casso v. Brand*, 776 S.W.2d 551, 556 (Tex. 1989). In reviewing a summary judgment, we accept all the nonmovant's proof as true and indulge every reasonable inference in the nonmovant's favor. *Science Spectrum*, 941 S.W.2d at 911. All doubts about the existence of a genuine issue of a material fact must be resolved against the movant. *Johnson County Sheriff's Posse, Inc. v. Endsley*, 926 S.W.2d 284, 285 (Tex. 1996).

[4]One difficulty with the District's summary judgment motion is that it does not state whether it is a traditional or a no-evidence motion. When a motion for summary judgment appears to be ambiguous, appellate courts will construe it as a traditional summary judgment. *Creative Thinking Sources, Inc. v. Creative Thinking, Inc.*, 74 S.W.3d 504, 514 (Tex. App.—Corpus Christi 2002, no pet.); *see Michael v. Dyke*, 41 S.W.3d 746, 750–51 n.3 (Tex. App.—Corpus Christi 2001, no pet.). Better summary-judgment practice is to refer to the appropriate subsection in the title or the body of the motion, but the requirement of specificity under Rule 166a(c) is satisfied if the grounds stated in the motion give fair notice to the nonmovant. *Garrett v. L.P. McCuistion Cmty. Hosp.*, 30 S.W.3d 653, 655 (Tex. App.—Texarkana 2000, no pet.); *Roth v. FFP Operating Partners, L.P.*, 994 S.W.2d 190, 194 (Tex. App.—Amarillo 1999, pet. denied). In this case, the grounds are not set out; thus, fair notice has not been given, and we cannot conclude that this is a no-evidence motion.

Also, nowhere does the motion for summary judgment identify the elements of the various causes of action or try to connect evidence, or lack thereof, to those elements. Rule 166a(i) of the Texas Rules of Civil Procedure explicitly requires a party seeking a no-evidence summary judgment to, in his or her motion, "state the elements as to which there is no evidence." *See* TEX. R. CIV. P. 166a(i). The District's motion does not do that. Thus, we conclude this motion is a traditional summary judgment motion.

6)  The Grantee shall control the water level in the sediment storage pool until adequate vegetation is established and thereafter as necessary for maintenance or repair of the works of improvement.

7) The Grantee shall have the right to construct fences with gates or gaps around the works of improvement, and such fences, gates, or gaps shall not be changed in any way without consent of the Grantee.  Any livestock found within such fences, except as authorized in writing by the Grantee, may be ejected therefrom by the Grantee.

8)  Special Provision-:  [separately typed in] Reduce sediment pool to an elevation of approximately 486.5.  If possible and feasible, xxxxxxxxxxxx [sic] it will be satisfactory to move the emergency spillway to the north to the extent that all of the emergency xxxx [sic] spillway will be on the above described lands.

The Claxtons asked the trial court to declare rights under these provisions.  That is not possible without reference to evidence beyond the four corners of this document.  In paragraph 8, the cryptic "486.5" is virtually meaningless without outside evidence to show the measurement scale that is being referenced.  The term "reduce sediment pool to an elevation of . . . ." is similarly unclear.  Is the level of water in the pool being measured?  Is the level of sediment in the pool being measured?  Further, although paragraph 6 discusses a way to determine an end date for regularly controlling the water level, paragraph 8 contains no such limitation.  Further, paragraph 8 does not state whose duty it is to reduce the level, and an argument can be made that the duty resides with either the grantor or grantee.

In paragraph 5, the easement states that the grantee is responsible for operating and maintaining the improvements.  What constitutes operation?  What is necessary for maintenance, and has it occurred?  Is it necessary to keep the sediment levels below a particular level in the pool

so its purpose can be fulfilled?  Is it necessary, as part of maintenance, to clear the pool of trash, debris, or vegetation?

In paragraph 6, the easement states the grantee shall control the water level "until adequate vegetation is established" and thereafter as necessary for maintenance or repair.  What constitutes "adequate" vegetation?

Claxton asked the trial court to declare the meaning of this document.  The District's motion for summary judgment argues that the District had proved its compliance with the requirements of the easement, based on its presumed meaning of the document.  Before the trial court could determine whether the District had complied, it would first have to understand the meaning of the easement.

Whether a contract is ambiguous is a question of law for the court.  *Heritage Res., Inc. v. NationsBank*, 939 S.W.2d 118 (Tex. 1996).  If the language of a contract is subject to two or more reasonable interpretations, it is ambiguous.  *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. CBI Indus., Inc.*, 907 S.W.2d 517 (Tex. 1995).  In determining whether a contract is ambiguous, we consider the contract as a whole, in light of the circumstances existing at the time it was executed and bearing in mind the particular business activity the contract sought to serve.  *Reilly v. Rangers Mgmt., Inc.*, 727 S.W.2d 527, 529–30 (Tex. 1987).  Not every difference in the interpretation of a contract amounts to an ambiguity.  *Forbau v. Aetna Life Ins. Co.*, 876 S.W.2d 132, 134 (Tex. 1994).  If a written instrument is worded so that it can be given a definite legal meaning, it is not ambiguous,

and courts must construe the contract as a matter of law. *Coker v. Coker*, 650 S.W.2d 391, 393 (Tex. 1983).[5] An ambiguity exists only if the contract language is susceptible to two or more reasonable interpretations. *Am. Mfrs. Mut. Ins. Co. v. Schaefer*, 124 S.W.3d 154, 157 (Tex. 2003). Granting summary judgment based just on an ambiguous contract is improper because the intent of the contracting parties is an issue of fact. *Coker*, 650 S.W.2d at 394; *Harris v. Rowe*, 593 S.W.2d 303, 306 (Tex. 1979); *Hackberry Creek Country Club, Inc. v. Hackberry Creek Home Owners Ass'n*, 205 S.W.3d 46, 56 (Tex. App.—Dallas 2006, pet. denied).

This easement, from its language alone, cannot be given a definite legal meaning on a number of points, including those set out above. Therefore, the easement is ambiguous. A trier of fact must resolve the ambiguity by determining the true intent of the parties. *See Coker*, 650 S.W.2d at 394–95.

The Claxtons have directed this Court's attention to some summary judgment evidence presented in their favor on each of the issues set out above. The District has also presented evidence and has taken the position that its evidence should prevail. In a trial, perhaps it will. At this stage, however, the District has directed our attention to no summary judgment evidence that proves its

---

[5]Only where a contract is first determined to be ambiguous may the courts consider the parties' interpretation. *See Sun Oil Co. (Delaware) v. Madeley*, 626 S.W.2d 726, 732 (Tex. 1981), and admit extraneous evidence to determine the true meaning of the instrument. *See R & P Enters. v. LaGuarta, Gavrel & Kirk, Inc.*, 596 S.W.2d 517, 518 (Tex. 1980). Further, an ambiguous contract is to be strictly construed against its author. *Temple-Eastex, Inc. v. Addison Bank*, 672 S.W.2d 793 (Tex. 1984).

case as a matter of law—required to prevail in a summary judgment proceeding. Summary judgment was improperly rendered.

We reverse the trial court's judgment and remand this case for further proceedings consistent with this opinion.

                                              Josh R. Morriss, III
                                              Chief Justice

Date Submitted:      January 16, 2008
Date Decided:        February 12, 2008