



# MEMORANDUM OPINION

No. 04-12-00036-CV

**TRANSWORLD LEASING CORPORATION**,
Appellant

v.

**WELLS FARGO AUTO FINANCE, LLC**,
Appellee

From the 285th Judicial District Court, Bexar County, Texas
Trial Court No. 2010-CI-01956
Honorable David A. Berchelmann, Jr., Judge Presiding

Opinion by:     Catherine Stone, Chief Justice

Sitting:        Catherine Stone, Chief Justice
                Karen Angelini, Justice
                Marialyn Barnard, Justice

Delivered and Filed:  October 3, 2012

AFFIRMED

Transworld Leasing Corporation appeals a summary judgment granted in favor of Wells Fargo Auto Finance, LLC in Wells Fargo's suit for breach of contract. Transworld raises numerous contentions regarding: (1) the sufficiency of the stated grounds for summary judgment; (2) Transworld's defenses to the breach of contract claim; and (3) the award of damages and interest. Underlying the breach of contract claim is the question of which party to

the contract must bear the loss caused by a third party's fraudulent conduct involving identity theft. We overrule Transworld's contentions and affirm the trial court's judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

Transworld and Wells Fargo entered into a Master Dealer Agreement ("Agreement") in 1997. The Agreement allows Transworld to assign vehicle leases and the leased vehicles to Wells Fargo for a sum to be agreed upon by the parties.

On May 15, 2007, Transworld entered into a lease agreement for a 2007 Cadillac Escalade with a lessee purporting to be Petronila Tompong; however, the person who signed the lease had fraudulently used Tompong's identity and forged her name. Unaware of the identity theft, Transworld assigned the lease to Wells Fargo. When the forgery was discovered, Wells Fargo made a demand that Transworld repurchase the lease because Transworld breached its contractual warranty that the lease was "executed by individuals duly authorized to do so by the parties other than Dealer obligated thereunder, each of which is a competent adult, and constitute the valid and binding obligations of the obligated parties." When Transworld did not respond to the demand, Wells Fargo filed the underlying lawsuit, claiming breach of contract. Transworld answered, generally denying the allegations and asserting numerous defenses.

Wells Fargo subsequently filed a motion for summary judgment. Transworld appeals the trial court's order granting the motion.

## STANDARD OF REVIEW

We review a summary judgment *de novo*. *Provident Life & Acc. Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). In reviewing the granting of a traditional summary judgment, we consider all the evidence in the light most favorable to the respondent, indulging all reasonable inferences in favor of the respondent, and determine whether the movant proved that there were

no genuine issues of material fact and that it was entitled to judgment as a matter of law. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985). In reviewing the granting of a no-evidence summary judgment, we apply the same legal sufficiency standard as we apply in reviewing a directed verdict. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750-51 (Tex. 2003). A no-evidence summary judgment is improperly granted if the respondent brings forth more than a scintilla of probative evidence to raise a genuine issue of material fact. *Id.* at 751.

### GROUNDS FOR SUMMARY JUDGMENT

In its third issue, Transworld contends that Wells Fargo's motion did not state the grounds for judgment as a matter of law. In the alternative, Transworld contends the grounds are unclear, and the trial court erred in denying its special exceptions to the motion.

A motion for summary judgment must "state the specific grounds therefor." TEX. R. CIV. P. 166a(c). "[I]f the grounds for summary judgment are not expressly presented in the motion for summary judgment itself, the motion is legally insufficient as a matter of law." *McConnell v. Southside Ind. Sch. Dist.*, 858 S.W.2d 337, 342 (Tex. 1993). However, "[a]n exception is required should a non-movant wish to complain on appeal that the grounds relied on by the movant were unclear or ambiguous." *Id.* We review a trial court's ruling on special exceptions under an abuse of discretion standard. *Claxton v. (Upper) Lake Fork Water Control & Imp. Dist. No. 1*, 246 S.W.3d 381, 382 n.1 (Tex. App.—Texarkana 2008, pet. denied); *Hefley v. Sentry Ins. Co.*, 131 S.W.3d 63, 65 (Tex. App.—San Antonio 2003, pet. denied). Grounds are sufficiently specific if they give 'fair notice' to the nonmovant. *Beaver Properties, L.L.C. v. Jerry Huffman Custom Builder, L.L.C.*, 355 S.W.3d 878, 889 (Tex. App.—Dallas 2011, no pet.); *E.B.S. Enters., Inc. v. City of El Paso*, 347 S.W.3d 404, 409 (Tex. App.—El Paso 2011, pet. denied).

The motion in this case must be read in its entirety to determine if it provides fair notice of the grounds on which the motion is based. In this case, the motion states that Wells Fargo was moving for a traditional summary judgment on its claim against Transworld. The motion also states that Wells Fargo is entitled to summary judgment because it can prove each of the following elements of its cause of action for breach of contract: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach. The motion further states that each of the elements is conclusively established by the summary judgment evidence.

In the fact section of the motion, Wells Fargo ties the summary judgment evidence to the elements of its claim, asserting: (1) Wells Fargo and Transworld entered into the Agreement, attached to the motion as Exhibit A, to set forth the terms and conditions upon which Wells Fargo would provide funding for a retail customer of Transworld to acquire a lease on a new vehicle; (2) pursuant to the terms of the Agreement, Wells Fargo funded the lease between Transworld and Tompong, attached to the motion as Exhibit B; (3) although Transworld warranted the lease was executed by individuals duly authorized to execute the lease and the lease constituted a valid and binding obligation of the obligated parties, the person who signed the lease was not Tompong, and Transworld refused to repurchase the lease in accordance with the terms of the Agreement after the forgery was discovered; and (4) Wells Fargo was owed $72,638.04 under the lease, which was the amount Transworld was required to pay to repurchase the lease.

Having reviewed Wells Fargo's motion as a whole, we hold the motion provided fair notice to Transworld of the grounds on which Wells Fargo was seeking summary judgment.

Accordingly, we hold the trial court did not abuse its discretion in denying Transworld's special exceptions to the motion. Transworld's third issue is overruled.

EXISTENCE OF GENUINE ISSUES OF MATERIAL FACT

In its fourth issue, Transworld contends that it raised genuine issues of material fact with regard to Wells Fargo's breach of contract claim. We construe Transworld's seventh issue as a contention that it produced more than a scintilla of evidence to raise genuine issues of material fact with regard to its defenses. Wells Fargo contends the summary judgment was properly granted.

## A. Breach of Contract Claim

The elements in a claim for breach of contract are: (1) a valid contract; (2) the plaintiff performed or tendered performance; (3) the defendant breached the contract; and (4) the plaintiff was damaged as a result of the breach. *Richter v. Wagner Oil Co.*, 90 S.W.3d 890, 898 (Tex. App.—San Antonio 2002, no pet.). In its brief, Transworld does not challenge the evidence in support of the second element.

### 1. Obligation Owed by Transworld

Although Transworld does not deny the Agreement is a valid contract, Transworld challenges the trial court's determination of the obligation owed by Transworld under the Agreement. The Agreement lists twenty-one specific warranties that Transworld made as to "each Lease or Contract purchased by [Wells Fargo]." Transworld relies on the following five warranties in making its argument:

> (M) the Lease or Contract and all related instruments under which [Wells Fargo] has rights in connection with the Lease or Contract have been executed by individuals duly authorized to do so by the parties other than Dealer obligated thereunder, each of which is a competent adult, and constitute the valid and binding obligations of the obligated parties;

(N) Dealer has verified the identity of each lessee or purchaser by use of a driver's license or other identification document which contains lessee or purchaser's photograph and is issued by such person's state of residency;

(O) Dealer does not know of any event which indicates or suggests the prospective uncollectibility of the Lease or Contract;

(Q) all statements set forth in the Lease or Contract worksheet are true and correct;

(T) to the best of Dealer's knowledge, possession of the vehicle was not obtained by the lessee's or purchaser's use of a fraudulent scheme, trick or device not otherwise covered by these warranties;

Transworld argues that the warranty in (M) must be read in connection with the other warranties which only require Transworld to make a good faith effort to ascertain the identity of the person signing the lease. Transworld contends that because other warranties more specifically address the use of forgery to fraudulently obtain a leased vehicle or require specific actions to be taken to protect against forgery, the general warranty in (M) must be read more narrowly so as not to "negate and strip of effect" the other warranties. We disagree.

In construing a contract, we must "give effect to all the provisions of the contract so that none will be rendered meaningless." *Italian Cowboy Partners, Ltd. v. Prudential Ins. Co. of America*, 341 S.W.3d 323, 333 (Tex. 2011). We are unaware of any case that holds that if a contract contains twenty-one specific warranties, only the more specific warranties will control if a situation arises in which more than one warranty could be breached. Construing a contract in this manner would render the more general warranty provisions meaningless, which is contrary to our rules of construction. *See id*. Moreover, the Agreement provides that Transworld agrees to repurchase the lease if it breaches "any" warranty contained in the Agreement. Accordingly, the summary judgment evidence conclusively established that Transworld warranted that the

lease in question was executed by an individual duly authorized by Tompong and was the valid and binding obligation of Tompong.

### 2. Breach by Transworld

Tompong stated in her deposition that she did not sign the lease. Although Transworld's corporate representative may have testified in his deposition that he did not believe a breach occurred, Tompong's testimony conclusively establishes a breach of the warranty in paragraph (M).

### 3. Damages as a Result of Breach

The summary judgment evidence included the affidavit of Wells Fargo's custodian of record, Julie Underwood, calculating the amount owed to Wells Fargo in accordance with the repurchase obligation. Transworld did not challenge these calculations or present evidence of a different calculation. Accordingly, Underwood's affidavit conclusively established the amount of damages Wells Fargo was caused by Transworld's breach.

Because no genuine issues of material fact were raised with regard to Wells Fargo's breach of contract claim, Transworld's fourth issue is overruled.

### B. Defenses

### 1. Waiver or Assumption of the Risk; Ratification; and Proximate Cause of Damages

Transworld asserts that the Agreement is evidence that Wells Fargo assumed the risk of the forgery because the assignment of the lease was subject to Wells Fargo's approval process with regard to the lessee's creditworthiness. We disagree. The Agreement is no evidence of any assumption of the risk by Wells Fargo because the assignment to Wells Fargo is expressly subject to the warranties made by Transworld in the Agreement. Any process undertaken by

Wells Fargo would not preclude its enforcement of the warranties. Accordingly, the trial court properly rejected this argument in granting summary judgment.

### 2. Failure to Mitigate

Transworld asserts that Wells Fargo failed to mitigate its damages because it delayed in contacting the police after discovering the forgery and failed to activate OnStar until six months after the vehicle went missing. Transworld contends that under the terms of the Agreement, it had no right or authority to independently seek recovery of the vehicle, and by the time the vehicle was recovered, it was completely stripped of value.

The doctrine of mitigation of damages prevents a party from recovering for damages resulting from a breach of contract that could be avoided by reasonable efforts on the part of the plaintiff. *Great American Ins. Co. v. North Austin Mun. Util. Dist. No. 1*, 908 S.W.2d 415, 426 (Tex. 1995). A defendant has the burden of proving two elements: (1) the plaintiff's lack of diligence; and (2) the amount by which the failure to mitigate increased damages. *U.S. Restaurant Properties Operating L.P. v. Motel Enters., Inc.*, 104 S.W.3d 284, 293 (Tex. App.—Beaumont 2003, pet. denied); *City of San Antonio v. Guidry*, 801 S.W.2d 142, 151 (Tex. App.—San Antonio 1990, no writ).

In its no-evidence motion for summary judgment, Wells Fargo specifically challenged both elements of Transworld's mitigation defense. In its response, Transworld cited Underwood's deposition, in which she stated she was unsure why Wells Fargo did not contact the police department until October of 2007 despite Tompong having filed a police report on August 1, 2007. Underwood also stated she did not know why Wells Fargo waited six months to contact OnStar. Although Underwood's deposition testimony may have been sufficient to satisfy Transworld's burden in producing evidence regarding Wells Fargo's lack of diligence,

Transworld presented no evidence to establish the amount by which Wells Fargo's failure to mitigate increased damages. Accordingly, the trial court properly granted summary judgment on this defense.

### 3. Contributory Negligence; Third Party Acts; Estoppel

Transworld contends that the forgery of Tompong's signature, a criminal act, "provides a basis to preclude, estop, or defend against a claim by this Plaintiff, and raises an issue of fact for a jury to determine what portion of recovery should be taxed by Plaintiff for its failure to exercise ordinary care." In support of this contention, Transworld cites section 3.406 of the Texas Business and Commerce Code entitled "Negligence Contributing to Forged Signature or Alteration of Instrument" and quotes the following sentence from *Bank of Tex. v. VR Elec., Inc.*, 276 S.W.3d 671, 677-78 (Tex. App.—Houston [1st Dist.] 2008, pet. denied), "Section 3.406 of the Business and Commerce Code applies to a claim for breach of contract when, as here, the claim is based on an agreement concerning negotiable instruments." In *Bank of Tex.*, the dispute involved the payment of a forged check. 276 S.W.3d at 674; *see also Behring Int'l, Inc. v. Greater Houston Bank*, 662 S.W.2d 642, 646 (Tex. App.—Houston [1st Dist.] 1983, writ dism'd) (dispute involved check and bank's contract of deposit).

Section 3.104 of the Texas Business and Commerce Code defines a "negotiable instrument" as "an unconditional promise or order to pay a fixed amount of money, with or without interest or other charges described in the promise or order, if it: (1) is payable to bearer or to order at the time it is issued or first comes into possession of a holder . . . ." TEX. BUS. & COM. CODE ANN. § 3.104(a)(1) (West Supp. 2012). Reviewing the vehicle lease in light of the definition, the lease clearly is not "payable to bearer or to order." Accordingly, the case law

cited by Transworld in support of this contention is inapplicable to the instant case, and the trial court properly granted summary judgment with regard to this defense.

## MUTUAL MISTAKE

In its first issue, Transworld contends that Wells Fargo's motion for summary judgment did not address its defense of mutual mistake which it added to an amended petition filed after Wells Fargo filed its motion. Although summary judgment generally cannot be granted on a ground not raised in a motion, Wells Fargo argues that an exception to that rule applies in the instant case, and Wells Fargo was entitled to summary judgment under that exception because it conclusively disproved the applicability of a mutual mistake defense.

Summary judgment may be affirmed on a defense not specifically addressed in a summary judgment motion if the elements urged in the motion and established by summary judgment proof dispose of one or more elements of the unmentioned defense. *Zarzosa v. Flynn*, 266 S.W.3d 614, 621 (Tex. App.—El Paso 2008, no pet.); *Quicksilver Resources, Inc. v. Reliant Energy Servs, Inc.*, No. 2-02-249-CV, 2003 WL 22211521, at *4 (Tex. App.—Fort Worth Sept. 25, 2003, no pet.) (mem. op.). In such instances, reversal would be meaningless because the defense is precluded as a matter of law. *Zarzosa*, 266 S.W.3d at 621; *Vogel v. Travelers Indem. Co.*, 966 S.W.2d 748, 754-55 (Tex. App.—San Antonio 1998, no pet.).

In its motion, Wells Fargo urged the warranty as a basis for imposing liability on Transworld. The defense of mutual mistake fails "as a matter of law" if the risk of mistake is allocated to a party by agreement. *Cherry v. McCall*, 138 S.W.3d 35, 40 (Tex. App.—San Antonio 2004, pet. denied). In its brief, Wells Fargo contends the risk of Tompong's signature being forged was allocated to Transworld by the Agreement because Transworld agreed to warrant that the execution of the lease was by a duly authorized individual and constituted the

valid and binding obligation of that individual. We agree. Because the Agreement contained a warranty that allocated the risk that the lease was not executed by a duly authorized individual to Transworld, Transworld's defense of mutual mistake "fails as a matter of law." *Id*. Additionally, because the motion urged the warranty as a basis for summary judgment, and the warranty is dispositive of Transworld's defense of mutual mistake, reversal on the basis that Wells Fargo did not specifically address the mutual mistake defense in its motion would be meaningless. *Zarzosa*, 266 S.W.3d at 621; *Vogel*, 966 S.W.2d at 754-55. Transworld's first issue is overruled.

## CONVERSION OF CORPORATION TO LLC

In its second issue, Transworld contends the trial court erred in granting summary judgment to Wells Fargo because the lawsuit was filed by Wells Fargo Auto Finance, Inc.; however, Transworld asserts Wells Fargo Auto Finance, Inc. ceased to exist on January 31, 2010, before the lawsuit was filed on February 8, 2010. Transworld initially raised the issue pertaining to the conversion of Wells Fargo from a corporation to a limited liability company in a motion to abate. Wells Fargo responded to the motion to abate by filing a motion to substitute true name of party, asserting the conversion had no effect on the corporate entity as a matter of law. The trial court's order denying Transworld's motion to abate states, "On this date came on to be heard the Defendant's Motion to Abate. The Court, having considered the record, evidence, and argument of counsel, is of the opinion that said motion should be denied." The reporter's record from the hearing on Transworld's motion to abate, however, was not requested and included in the record filed in this court. Therefore, we must presume the reporter's record contained all matters supporting the trial court's order denying Transworld's motion. *Bullock v.*

*American Heart Ass'n*, 360 S.W.3d 661, 669-70 (Tex. App.—Dallas 2012, pet. denied). Accordingly, Transworld's second issue is overruled.

### PRE-JUDGMENT AND POST-JUDGMENT INTEREST

In its fifth issue, Transworld contends the trial court erred in awarding pre-judgment and post-judgment interest at the rate of 12%. Wells Fargo responds that it was entitled to the interest under the terms of the Agreement.

In a breach of contract case, the pre-judgment interest rate is the same as the post-judgment interest rate. *See Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 532 (Tex. 1998); *Meridien Hotels, Inc. v. LHO Fin. P'hip I, L.P.*, 255 S.W.3d 807, 823 (Tex. App.—Dallas 2008, no pet.). In a contract case where the contract provides for interest, the pre-judgment and post-judgment interest rate is the lesser of the interest rate specified in the contract or eighteen percent a year. TEX. FIN. CODE ANN. § 304.002 (West 1998); *Meridien Hotels, Inc.*, 255 S.W.3d at 823.

Section 10 of the Agreement provides that the repurchase price for any lease that is required to be repurchased shall be the sum of: (1) the estimated residual value of the vehicle; (2) the total of all unpaid lease payments scheduled under the lease, less any unearned lease charges calculated as provided in the lease; and (3) any amounts then due under the lease. The Tompong lease states, "I understand and agree that if I do not pay you the amount of my liability on your demand, you will assess interest on the amount unpaid at the rate of 12% per annum (or such lesser maximum rate as may be set by law) until paid." Because the Agreement required Transworld to pay any amounts due under the lease and the lease provided for interest, the trial court properly assessed pre-judgment and post-judgment interest at the rate of 12% per annum.

TEX. FIN. CODE ANN. § 304.002 (West 1998); *Meridien Hotels, Inc.*, 255 S.W.3d at 823. Transworld's fifth issue is overruled.

**ADMISSION OF AFFIDAVIT**

In its sixth issue, Transworld contends that the trial court erred in admitting Underwood's affidavit. This issue is related to Transworld's second issue. Transworld contends the affidavit was not admissible as an affidavit of Wells Fargo's custodian of records because the affidavit states that Underwood is the custodian of records of Wells Fargo Auto Finance, LLC, but the record contained no evidence that the records of Wells Fargo Auto Finance, Inc. were transferred to Wells Fargo Auto Finance, LLC.

We review rulings concerning the admission and exclusion of summary judgment evidence under an abuse of discretion standard. *Polansky v. Southwest Airlines Co.*, 75 S.W.3d 99, 102 (Tex. App.—San Antonio 2002, no pet.). As previously noted, the reporter's record of the hearing at which the trial court heard evidence pertaining to the conversion of Wells Fargo Auto Finance, Inc. into Wells Fargo Auto Finance, LLC is not included in the appellate record. Accordingly, we must assume the trial court properly denied the motion to abate based on the evidence presented. As a result, we cannot conclude the trial court abused its discretion in admitting Underwood's affidavit as the custodian of records of Wells Fargo. Transworld's sixth issue is overruled.

**CONCLUSION**

The trial court's judgment is affirmed.

Catherine Stone, Chief Justice