

# NUMBER 13-19-00249-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

**MANUEL J. MONTEMAYOR,**                                                  **Appellant,**

**v.**

**TEXAS DEPARTMENT OF INSURANCE,**                                **Appellee.**

## On appeal from the 444th District Court
## of Cameron County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Hinojosa and Silva**
**Memorandum Opinion by Justice Silva**

Following an adverse administrative action, appellant, Manuel J. Montemayor, filed an appeal in the 444th District Court of Cameron County. Appellee, the Texas Department of Insurance (TDI), filed a plea to the jurisdiction. The trial court dismissed Montemayor's suit for want of jurisdiction on January 18, 2018. On August 3, 2018, Montemayor filed a

petition for bill of review seeking to set aside the dismissal and reinstate the appeal of the administrative action. The trial court dismissed the petition for bill of review for want of jurisdiction but did so by signing an order from the original suit. The court then signed an order granting TDI's plea to the jurisdiction nunc pro tunc, correcting the cause number and name of motion signed. By two issues which we reorganize, Montemayor asserts the trial court committed reversible error by: (1) granting TDI's plea to the jurisdiction when the appropriate remedy was to transfer venue; and (2) granting TDI's motion for order nunc pro tunc without a hearing. We affirm.

## I. BACKGROUND

TDI initiated an administrative action against Montemayor, resulting in his losing his appointment as a Qualified Wind Inspector in August 2009. Montemayor subsequently filed an appeal of the administrative action in the 444th District Court of Cameron County, naming TDI as the defendant (2009 suit). In response, TDI filed a plea to the jurisdiction, asserting that Texas Insurance Code § 36.202(b)'s requirement that the action be filed in Travis County is jurisdictional. *See* TEX. INS. CODE ANN. § 36.202(b). TDI asserted that because the statute implicates sovereign immunity, filing in Travis County is a statutory prerequisite, and therefore, a jurisdictional requirement under Texas Government Code § 311.034. *See* TEX. GOV'T CODE ANN. § 311.034 ("Statutory prerequisites to suit, including the provision of notice, are jurisdictional requirements in all suits against a governmental entity."). The trial court ultimately granted TDI's plea to the jurisdiction by an order signed on January 22, 2018.

2

On August 3, 2018, Montemayor filed a pro se petition for bill of review[1] in the 444th District Court of Cameron County, seeking to reinstate the 2009 suit. Montemayor alleged that "[he] did not receive notice of the hearing or trial held on January 28, 2018[,] and trial on January 29, 2018, after which the [c]ourt rendered a default judgment against [him]." Additionally, Montemayor's petition for bill of review sought de novo review of TDI's administrative ruling, alleged a violation of his due process rights, and sought compensatory and exemplary damages for defamation and loss of earning capacity.

TDI filed an original answer, plea to the jurisdiction, and motion to dismiss the petition for bill of review under Texas Rule of Civil Procedure 91a. *See* TEX. R. CIV. P. 91a. TDI's plea to the jurisdiction was directed at Montemayor's defamation and loss of earning capacity claims. TDI's motion to dismiss under Rule 91a was directed at Montemayor's petition for bill of review, asserting that there was no hearing held on January 28 or 29, that Montemayor received notice of the plea to the jurisdiction through his attorney of record, and that Montemayor or his counsel failed to appear for seven separate hearings related to the plea to the jurisdiction in the 2009 case. TDI also pointed out that the trial court's judgment was not a default judgment.

On January 23, 2019, the trial court signed an order granting TDI's plea to the jurisdiction, dismissing Montemayor's petition for bill of review in its entirety, without a hearing.[2] The order was identical to the dismissal order signed in the 2009 suit—including

---

[1] A bill of review is an equitable action used to set aside a judgment which is no longer appealable or subject to challenge by a motion for new trial. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003).

[2] Although the trial court noted in its findings of fact that TDI's plea to the jurisdiction was granted without a hearing, Montemayor filed a motion for continuance on January 22, 2019, requesting the court continue the hearing set for January 23, 2019. The trial court did not rule on Montemayor's motion.

the same purported date of entry January 22, 2018, except the 2009 cause number was scratched out and replaced with the bill of review cause number.[3]

On March 12, 2019, TDI filed a motion for order nunc pro tunc, requesting that the trial court correct the order by using the correct cause number, date of entry, and name of the motion that was granted; TDI asserted all errors were clerical rather than judicial. On March 13, 2019, the trial court signed an order nunc pro tunc granting TDI's plea to the jurisdiction and reaffirming that the case was dismissed in its entirety for lack of jurisdiction.

On March 21, 2019, Montemayor filed a motion to set aside the order nunc pro tunc, asserting that Texas Rule of Civil Procedure 316 requires a hearing before the court can grant the motion, the corrections were judicial rather than clerical, and the court never signed or never provided notice of the January 23, 2019 order granting TDI's plea to the jurisdiction. No order on Montemayor's motion appears in the record. Montemayor filed a request for findings of fact and conclusions of law on March 27. He filed a supplement to his motion to set aside the order nunc pro tunc as well as a notice of past due findings of fact and conclusions of law on April 17. Montemayor's notice of appeal was filed on May 21, 2019.

On January 13, 2021, we abated this case because the January 23, 2019 order did not appear in the clerk's record and we directed the trial court to issue findings of fact and conclusions of law regarding whether the January 23, 2019 order was signed, the date on which it was entered, and whether notice was sent to the parties. The trial court confirmed that it granted TDI's plea to the jurisdiction by written order on January 23,

---

[3] This order did not originally appear in the clerk's record, except as an attachment to TDI's motion for order nunc pro tunc to correct the mistakes in the judgment.

4

2019, that it directed the clerk to provide notice of the order to the parties, and that copies of the order were provided to the parties. The appeal was reinstated on February 25, 2021. No party has challenged the findings of fact or conclusions of law issued by the trial court.

The trial court's findings of fact indicate the following:

1. I[,] Judge Noe Gonzalez[,] am sitting by assignment as a visiting Judge presiding over this case and was the judge presiding over the Texas Department of Insurance's Plea to the Jurisdiction considered, without a hearing, on January 23, 2019.

2. After considering what was filed of record [sic], the Court granted the Texas Department of Insurance's Plea to the Jurisdiction.

3. The original order granting Texas Department of Insurance's Plea to the Jurisdiction was signed on January 23, 2019.

4. The court directed the clerk to enter the order granting the Plea to the Jurisdiction on the date signed.

5. The court directed the clerk to provide notice to the parties of the original order granting the plea to the jurisdiction signed by the court.

6. An order granting the plea to the jurisdiction was provided to the parties.

7. On March 12, 2019[,] the Texas Department of Insurance filed a motion seeking an order nunc pro tunc, alerting the Court to discrepancies in the order granting the plea to the jurisdiction that was provided to the parties.

8. The court found that the case number that it wrote in at the top of the order was correct but the title on the order was incorrect and the date signed was incorrect. The court found these were mistakes by the court.

9. On March 13, 2019, the [c]ourt signed an Order Granting Defendant's Plea to the Jurisdiction Nunc Pro Tunc correcting the mistakes made on the original order. The order signed on March 13, 2019 reflects the ruling of the Court granting the plea to the jurisdiction made on January 23, 2019.

## II.     APPELLATE JURISDICTION

By his first issue, Montemayor asserts the trial court erred by granting TDI's plea to the jurisdiction nunc pro tunc, as opposed to transferring venue. However, as discussed *infra*, we lack jurisdiction to consider this complaint.

### A.     Applicable Law

An appellate court has "an obligation to examine [its] jurisdiction any time it is in doubt . . . ." *Pike v. Tex. EMC Mgmt., LLC*, 610 S.W.3d 763, 774 (Tex. 2020). "The filing of a notice of appeal by any party invokes the appellate court's jurisdiction over all parties to the trial court's judgment or order appealed from." TEX. R. APP. P. 25.1. Ordinarily, a notice of appeal must be filed within thirty days after the judgment is signed. *Id.* R. 26.1. The appellate court may extend the deadline to file the notice of appeal by fifteen days if the party files the notice of appeal in trial court and a motion with the appellate court that complies with Rule 10.5(b). *Id.* R. 26.3; *see also id.* R. 10.5(b). An appellate court has no jurisdiction to consider an appeal absent a timely notice of appeal. *In re L.G.*, 517 S.W.3d 275, 277 (Tex. App.—San Antonio 2017, pet. denied) (per curiam) (citing *Wilkins v. Methodist Health Care Sys.*, 160 S.W.3d 559, 564 (Tex. 2005)); *see also Rivera v. McCaskill*, No. 13-19-00380-CV, 2019 WL 4309586, *1 (Tex. App.—Corpus Christi–Edinburg Sept. 12, 2019, no pet.) (mem. op.) ("If the notice of appeal is untimely, the reviewing court lacks jurisdiction and must dismiss the case.").

A timely filed motion to modify, motion for new trial, or request for findings of fact and conclusions of law extends the deadline to ninety days after the judgment is signed. TEX. R. APP. P 26.1(a). A request for findings of fact and conclusions of law must be filed within twenty days after the judgment is signed. TEX. R. CIV. P. 296. A motion to modify

6

the judgment or motion for new trial must be filed within thirty days after the judgment complained of is signed. *Id.* R. 329b(a), (g). However, a trial court may correct a clerical error in the record of a judgment through an order nunc pro tunc under Rule 316 at any time. *Id.* R. 329b(f); *see also id.* R. 316. If a correction to a judgment is made pursuant to Rule 316 after the expiration of the trial court's plenary power, then "no complaint shall be heard on appeal that could have been presented in an appeal from the original judgment." TEX. R. APP. P. 4.3(b); *see also* TEX. R. CIV. P. 329b(h); *Ortiz v. O.J. Beck & Sons, Inc.*, 611 S.W.2d 860, 865 (Tex. App.—Corpus Christi–Edinburg 1980, no writ.) (providing that an order nunc pro tunc that corrects the date of the order signed allows the appellant to perfect appeal as calculated from the corrected date rather than original).

"Whether the trial court previously rendered judgment and the contents of the judgment are fact questions for the trial court, but whether an error in the judgment is judicial or clerical is a question of law we review de novo." *In re Marriage of Russell*, 556 S.W.3d 451, 457 (Tex. App.—Houston [14th Dist.] 2018, no pet.). A trial court must make a factual determination regarding whether it previously rendered judgment and the judgment's contents before it may decide the nature of the error. *In re A.M.C.*, 491 S.W.3d 62, 67 (Tex. App.—Houston [14th Dist.] 2016, no pet.). We may review a trial court's factual determination on whether a judgment has been rendered and its contents for legal and factual sufficiency of the evidence. *Id.* We must defer to the trial court's fact-finding if "some probative evidence" supports it. *Id.*

## B.    Analysis

According to the trial court's findings of fact, the trial court signed the order granting TDI's plea to the jurisdiction on January 23, 2019. The record contains "some evidence"

supporting the trial court's findings. *See id.* The supporting evidence includes Montemayor's ungranted motion for continuance, establishing that Montemayor was aware that the trial court was set to consider TDI's motion on January 23, 2019.[4] Moreover, the copy of the order attached to TDI's motion for order nunc pro tunc is consistent with the findings and trial court's explanation for signing the order nunc pro tunc. Further, as Montemayor now concedes on appeal, the errors were clerical in nature, rather than judicial. *See Claxton v. (Upper) Lake Fork Water Control & Improvement Dist. No. 1*, 246 S.W.3d 381 (Tex. App.—Texarkana 2008, pet. denied) ("A judgment nunc pro tunc may be issued to correct the recited signing date of an order if the original recited date is shown to have been incorrect.").

Montemayor's deadline for filing a notice of appeal therefore began on January 23, 2019, when the original order was signed. *See* TEX. R. APP. P. 26.1.[5] Thus, the deadline to file a notice of appeal was February 22, 2019. *See id*. Further, the deadline to file a request for findings of fact and conclusions of law was February 12, 2019, *see* TEX. R. CIV. P. 296, and the deadline for a motion for new trial or to modify the judgment was February 22, 2019, *see id.* R. 329b(a), (g). Because Montemayor's motion to set aside the order granted was not filed until March 21, 2019, the deadline for filing a notice of appeal was not extended. *See* TEX. R. APP. P. 26.1(a). The same is true for Montemayor's request for findings of fact and conclusions of law. *See id.* Finally, the order nunc pro tunc did not extend the deadline for notice of appeal, because the issue raised by Montemayor

---

[4] Although the trial court found that it granted TDI's motion without a hearing, Montemayor's motion demonstrates that he was aware the trial court was set to consider the motion.

[5] Although the original order granting TDI's plea to the jurisdiction was dated "January 22, 2018," the trial court actually signed the order on January 23, 2019, thus making it the correct date to begin calculating deadlines. *See* TEX. R. APP. P. 26.1; *see also Ortiz v. O.J. Beck & Sons, Inc.*, 611 S.W.2d 860, 865 (Tex. App.—Corpus Christi–Edinburg 1980, no writ).

8

on appeal could have been raised on appeal from the original judgment. *See* TEX. R. CIV. P. 329b(h). Because Montemayor's notice of appeal was not timely filed, this court lacks jurisdiction over Montemayor's first issue. *See In re L.G.*, 517 S.W.3d at 277. Accordingly, we lack jurisdiction to consider Montemayor's challenge to the trial court's granting of TDI's plea to the jurisdiction on Montemayor's petition for bill of review. *See* TEX. R. APP. P. 42.3; *Pike*, 610 S.W.3d at 774.

### III.    ORDER NUNC PRO TUNC

By his second issue, Montemayor asserts that the trial court erred by granting TDI's motion for order nunc pro tunc without a hearing. *See* TEX. R. CIV. P. 316. An order nunc pro tunc may be appealed as to the corrections contained within the order nunc pro tunc. *Gutierrez v. Gutierrez*, 86 S.W.3d 721, 726 (Tex. App.—El Paso 2002, no pet.). Because Montemayor's notice of appeal was filed within thirty days of the order nunc pro tunc, we have jurisdiction to consider this portion of the appeal. *See* TEX. R. APP. P. 26.1; *Gutierrez*, 86 S.W.3d at 726.

In support of his assertion, Montemayor points to the language of rule 316 that permits the court to correct clerical errors "in open court." *See* TEX. R. CIV. P. 316. However, Montemayor does not cite, and this court is unable to find, any case law supporting his assertion that the rule requires a hearing. The relevant language in rule 316 is: "Clerical mistakes in the record of any judgment *may* be corrected by the judge in open court according to the truth or justice of the case . . . ." *Id.* (Emphasis added). "'May' creates a discretionary authority or grants permission or a power." TEX. GOV'T CODE ANN. § 311.016(1). Further, other rules explicitly limit a trial court's authority to act only "after notice and hearing." *See, e.g.,* TEX. R. CIV. P. 13, 18a(h), 21b, 215.2(b), 215.3, 279, 792.

9

Evidence for an order nunc pro tunc "may be from oral testimony of witnesses, written documents, previous judgments, docket entries, or the trial judge's personal recollection." *Barton v. Gillespie*, 178 S.W.3d 121, 127 (Tex. App.—Houston [1st Dist.] 2005, no pet.); *see also In re Villa of Harlingen*, No. 13-12-00570-CV, 2012 WL 7849386, at *3 (Tex. App.—Corpus Christi–Edinburg Nov. 2, 2012, orig. proceeding) (mem. op.). "If the trial court relies on its own personal recollection of the facts, we presume that the court's recollection supports the finding of clerical error." *Barton*, 178 S.W.3d. at 217. Here, the trial court was able to correct the judgment through the record and its own recollection, which we presume supports the finding. *See id.* Accordingly, a hearing was not necessary to determine whether the trial court could correct the name of the motion granted or the cause number of the order. Further, Montemayor does not challenge the substance of the changes themselves. Montemayor's second issue is overruled.

## IV. CONCLUSION

We affirm the trial court's judgment.

CLARISSA SILVA
Justice

Delivered and filed on the
13th day of May, 2021.

10