## IN the INTEREST OF L.G., a Child

### No. 04–17–00073–CV

Court of Appeals of Texas,
San Antonio.

Delivered and Filed: March 22, 2017

John F. Davis, Law Office of John F. Davis, P.C., San Antonio, TX, for Appellant.

Nicholas A. LaHood, District Attorney, Bexar County, San Antonio, TX, for Appellee.

Sitting: Karen Angelini, Justice Marialyn Barnard, Justice Rebeca C. Martinez, Justice

### MEMORANDUM OPINION

#### PER CURIAM

Appellant attempts to appeal from an order terminating his parental rights to his child, L.G. Because appellant's notice of appeal was untimely, we dismiss this appeal for lack of jurisdiction.

## BACKGROUND

On November 16, 2015, the Texas Department of Family and Protective Services filed an original petition for the protection of a child, for conservatorship, and for termination of parental rights. A bench trial was held before an associate judge on September 30, 2016. On October 7, 2016, the associate judge filed a written memorandum granting the termination, stating the basis for his ruling, and setting a hearing to sign the final order for October 28, 2016. Prior to the October 28, 2016 hearing, counsel for all of the parties reviewed a final termination order and approved it as to form. The associate judge signed the final termination order on October 20, 2016. Appellant filed a written request for a de novo hearing before the referring court judge on October 31, 2016.

The referring court judge conducted a de novo hearing. On January 27, 2017, the referring court judge signed a letter, stating that he had reviewed the evidence and was ordering appellant's parental rights terminated. The judge further directed the Department to draft a final termination order for his signature. Appellant filed a notice of appeal on February 7, 2017. The clerk's record and a partial reporter's record were filed. Our review of this limited record caused us to question the timeliness of appellant's notice of appeal and our jurisdiction over this appeal.

On February 17, 2017, we issued an order directing appellant to show cause in writing why this appeal should not be dismissed for lack of jurisdiction. On March 3, 2017, appellant filed a response to our order in which he asserts his notice of appeal was timely filed. Attached to appellant's response is an affidavit from appellant's trial counsel.

## DISCUSSION

Under section 201.015(a) of the Texas Family Code, a party may request a de novo hearing before the referring court; however, this request must be filed "not later than the third working day after the party receives notice of the substance of the associate judge's report as provided by Section 201.011." TEX. FAM. CODE ANN. § 201.015(a)(1) (West Supp. 2016). Section 201.011 provides that notice of the substance of the associate judge's report may be given to the parties in open court, by an oral statement or a copy of the associate judges' written report, including any proposed order. *Id.* § 201.011(c)(1) (West 2014). However, section 201.2041 provides that "[i]f a request for a de novo hearing before the referring court is not timely filed ... the proposed order or judgment of the associate judge becomes the order or judgment of the referring court by operation of law without ratification by the referring court." *Id.* § 201.2041(a).

Here, the termination order was approved as to form by appellant's trial counsel and subsequently signed by the associate judge on October 20, 2016. Therefore, the record before us shows that appellant had notice of the substance of the associate judge's report at least by October 20, 2016, if not earlier.[1] *See* TEX. FAM. CODE ANN. § 201.011(c)(1); *In the Interest of M.P.*, No. 04-08-00881-CV, 2009 WL 2413694, at *1 (Tex. App.–San Antonio 2009, no pet.) (providing that appellant's attorney's signature on associate judge's order established that appellant had notice of the substance of the order). However,

---

1. In his response to our order, appellant states that at the conclusion of the trial, the associate judge rendered judgment terminating appellant's parental rights. Additionally, trial counsel states in her affidavit that the associate judge's written memorandum of his ruling was emailed to all of the parties on October 7, 2016.

appellant's request for a de novo hearing was not filed until October 31, 2016, which is more than three working days after appellant received notice of the substance of the associate judge's report. In his response, appellant argues his notice of appeal was timely; however, his argument fails to analyze the applicable statutes and rules. We conclude that appellant's request for a de novo hearing was untimely.

Because appellant's request for a de novo hearing was untimely, the associate judge's termination order became the judgment of the referring court and a final, appealable order. *See* TEX. FAM. CODE. ANN. § 201.2041(a); *M.P*, 2009 WL 2413694, at *1 (concluding associate judge's order became order of the referring court by operation of law when the appellant's request for a de novo hearing was untimely). Appellant's notice of appeal was due within twenty days after the associate judge's order was signed, which was November 9, 2016. *See* TEX. R. APP. P. 26.1(b). However, appellant's notice of appeal was not filed until February 7, 2017, and therefore, was untimely.

■ Without a timely notice of appeal, this court has no jurisdiction to consider an appeal. *Wilkins v. Methodist Health Care Sys.*, 160 S.W.3d 559, 564 (Tex. 2005). Because appellant's notice of appeal was untimely, we must dismiss this appeal for lack of jurisdiction. *See In the Interest of A.P.*, No. 11-14-00278-CV, 2014 WL 6755631, at *2 (Tex. App.–Eastland 2014, no pet.) (dismissing parental termination appeal for lack of jurisdiction when the appellant's untimely request for a de novo hearing rendered her notice of appeal untimely). We, therefore, dismiss this appeal for lack of jurisdiction.

