

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

___

No. 07-19-00290-CV

___

IN THE INTEREST OF B.C. AND A.B., CHILDREN

___

On Appeal from the 320th District Court
Potter County, Texas
Trial Court No. 91,445-D-FM, Honorable Carry A. Baker, Presiding

___

September 26, 2019

MEMORANDUM OPINION

Before CAMPBELL and PIRTLE and PARKER, JJ.

Mother[1] attempts to appeal an order terminating her parental rights to her children, B.C. and A.B.  Because her notice of appeal was filed untimely, we dismiss the appeal for want of jurisdiction.

Background

The Department of Family and Protective Services filed suit for protection and conservatorship of the children and to terminate mother's parental rights.  The matter was

___

[1] We do not identify the parties by name to protect the privacy of the children.  TEX. R. APP. P. 9.8(b)(2).

referred to an associate judge and a final hearing was held on May 13, 2019. Three days later, on May 16, the parties were notified by email of the substance of the associate judge's report to the referring court. The associate judge signed a proposed order of termination on June 11, 2019.

On June 14, 2019, mother filed a request for de novo hearing before the referring court. At the start of the de novo hearing on August 14, 2019, the Department objected to the timeliness of mother's de novo request. The referring court found that the request was filed untimely, denied the request, and signed an "Order Adopting Associate Judge's Proposed Order." Mother filed a notice of appeal that day.

Analysis

When a case is tried before an associate judge, the associate judge must provide a written report to the referring court, including any proposed order, and provide the parties notice of the substance of the report. TEX. FAM. CODE ANN. § 201.011 (West 2014). A party may request a de novo hearing before the referring court by filing a written request not later than the third working day after the date the party receives notice of the substance of the associate judge's report. TEX. FAM. CODE ANN. §§ 201.2042(a) (West 2014), 201.015(a) (West Supp. 2018). If a request for a de novo hearing is not timely filed in a child protection case, the proposed order of the associate judge becomes the order of the referring court by operation of law without ratification by the referring court. TEX. FAM. CODE ANN. § 201.2041(a) (West 2014).

In this case, the record shows that mother received notice of the substance of the associate judge's report on May 16, 2019. *In re K.R.M.*, No. 11-15-00032-CV, 2015 Tex.

2

App. LEXIS 8821, *2 (Tex. App.—Eastland Aug. 21, 2015, no pet.) (mem. op.) (finding that appellant received notice of the substance of the associate judge's report by email). Accordingly, her request for de novo hearing was due within three working days, by May 21, 2019. TEX. FAM. CODE ANN. § 201.015(a). Mother did not file a request for de novo hearing until June 14, 2019. Because her request was untimely filed, the associate judge's proposed order signed on June 11, 2019, became the order of the referring court by operation of law without ratification by the referring court. TEX. FAM. CODE ANN. § 201.2041(a); *In re L.G.*, 517 S.W.3d 275, 276-77 (Tex. App.—San Antonio 2017, pet. denied). And, the appellate timetables began to run from this date. *Id.*

Mother's notice of appeal was, therefore, due within twenty days after the associate judge signed the order of termination, by July 1, 2019. TEX. R. APP. P. 26.1(b). This deadline could have been extended to July 16, 2019, had mother filed a notice of appeal and a motion for extension within the fifteen-day extension period. *See* TEX. R. APP. P. 26.3; *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997). Mother did not file a notice of appeal, however, until August 14, 2019.

By letter of September 10, 2019, we notified the parties that the notice of appeal appeared untimely and directed them to show how we have jurisdiction over the appeal. In mother's response, she argues that under section 201.016(b) "the date an order or judgment by the referring court is signed is the controlling date for the purposes of appeal," except for certain circumstances not present here. TEX. FAM. CODE ANN. § 201.016(b) (West Supp. 2018). Therefore, she claims, the appellate timetables did not begin until the referring court signed the order of the termination on August 14, 2019.

In analyzing how sections 201.016 and 201.2041 apply in this case, our primary goal is to ascertain and give effect to the Legislature's intent. *In re Canales*, 52 S.W.3d 698, 702 (Tex. 2001). An appellate court must not interpret a statute in a manner that renders any part meaningless or superfluous. *See City of Marshall v. City of Uncertain*, 206 S.W.3d 97, 105 (Tex. 2006). When a general statutory provision conflicts with a more specific provision, the provisions must be construed so as to give effect to both. TEX. GOV'T CODE ANN. § 311.026(a) (West 2013).

Chapter 201 of the Family Code contains four subchapters governing associate judges. While subchapter A applies generally to all family law matters referred to an associate judge, subchapter B applies specifically to Title IV-D cases, subchapter C applies to child protection cases, and subchapter D applies to juvenile cases. Under section 201.016, found in subchapter A, the date the referring court signs a proposed order is the controlling date for purposes of appeal, unless the proposed order is an agreed order, a default order, or a final order where the parties have waived the right to a de novo hearing. TEX. FAM. CODE ANN. §§ 201.016(b), (c); 201.007(a)(16) (West Supp. 2018). In the latter circumstances, the date the associate judge signs the proposed order is the controlling date for purposes of appeal. TEX. FAM. CODE ANN. §§ 201.016(c).

Subchapters B and C provide an additional controlling date for appellate deadlines in Title IV-D and child protection cases. Under both subchapters, a proposed order becomes the order of the court by operation of law without ratification if a party fails to timely request a de novo hearing. TEX. FAM. CODE ANN. §§ 201.1041(a) (except for proposed orders providing for enforcement by contempt or immediate incarceration of a party in Title IV-D cases) (West 2014), 201.2041(a) (child protection cases). In such a

4

case, the appellate timetables begin to run when the associate judge signs the proposed order.  *In re A.M.F.*, No. 07-16-00046-CV, 2016 Tex. App. LEXIS 5118, at *1-2 (Tex. App.—Amarillo May 12, 2016, no pet.) (mem. op.).

Because mother did not timely request a de novo hearing, the "controlling date for purposes of appeal" was the date the associate judge signed the proposed order, June 11, 2019.  TEX. FAM. CODE ANN. §§ 201.016, 201.2041(a).  Mother did not file a notice of appeal within twenty days of June 11, so her notice of appeal was untimely.

## Conclusion

Mother's untimely-filed notice of appeal failed to invoke this court's jurisdiction.  TEX. R. APP. P. 26.1(b); *Verburgt*, 959 S.W.2d at 616.  Accordingly, the appeal is dismissed for want of jurisdiction.  TEX. R. APP. P. 42.3(a).

Per Curiam