# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-19-00336-CV

---

**M. J. M., Appellant**

**v.**

**Texas Department of Family and Protective Services, Appellee**

---

**FROM THE 274TH DISTRICT COURT OF COMAL COUNTY**
**NO. C2017-2202C, THE HONORABLE RANDAL C. GRAY, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

M.J.M. appeals from an order terminating his parental rights to three children, arguing that the district court erred while conducting de novo review of the matter. *See* Tex. Fam. Code §§ 201.015(a). We will affirm.

## BACKGROUND

As relevant to this appeal, M.J.M. has three children with Rachel,[1] who voluntarily relinquished her parental rights to those children earlier in these proceedings, *see id.* § 161.001(b)(1)(K), and is not party to this appeal. According to M.J.M., the State first removed the children from their home when Rachel was involved in an altercation over a drug deal. Rachel concedes that when she cared for the children she would regularly engage in substance

---

[1] We use pseudonyms to refer to the parents to protect the identity of the children. *See* Tex. Fam. Code § 109.002.

abuse and that M.J.M. would knowingly leave the children alone with her when she was too impaired to care for them.

Case workers eventually returned the children to Rachel and allowed M.J.M. visitation on the condition that he obtain gainful employment, pay child support, and complete certain services recommended as a result of his psychological screening. The case workers subsequently reported that M.J.M. had participated in outpatient rehabilitation treatment but had failed to obtain employment, pay child support, or complete other recommended services.

The State ultimately petitioned for termination of M.J.M.'s and Rachel's parental rights in Comal County district court, which referred the matter to an associate judge. *See id.* § 201.001 (allowing referral to associate judge if county commissioners have authorized employment of associate judges). The associate judge heard the matter on April 12, 2019. Counsel for M.J.M. asked for a continuance to allow M.J.M. additional time to comply with certain rehabilitation recommendations, explaining that M.J.M. had been incarcerated for child support arrearage for six months, allegedly making it difficult for him to comply. After reviewing the evidence and hearing closing statements from counsel, the associate judge denied the requested continuance and ruled from the bench, explaining to M.J.M.'s attorney:

> I'm going to deny your client's request for an extension. I do find that the [State] has met its burden by clear and convincing evidence . . . as to the father under 161.001(1)(D), (E), and (O); and that it's in the best interest of all three children that both parents' parental rights be terminated.

*See* Tex. Fam. Code § 161.001(b)(1)(D) (knowingly placing or knowingly allowing child to remain in conditions that endanger physical or emotional well-being), (E) (engaging in conduct or knowingly placing child with persons who engage in conduct that endangers physical or

2

emotional well-being), (O) (failing to comply with provisions of a court order delineating actions necessary for parent to obtain return of child).

The associate judge then addressed counsel for each parent, relieving the attorneys of their respective court-appointed duties "except in the event of an appeal or a de novo [hearing], of which you both are aware of your time requirements"—a reference to the review authorized by Section 201.015 of the Family Code. That Section provides, "A party may request a de novo hearing before the referring court by filing with the clerk of the referring court a written request not later than the third working day after the date the party receives notice of . . . the substance of the associate judge's report . . . ." *See id.* § 201.015(a). Counsel for M.J.M confirmed, "I do anticipate that we're going to be having a de novo [sic] of this hearing."

M.J.M. moved for de novo rehearing on April 22—six working days after the bench ruling and one day before the district court issued the written termination order reflecting that ruling. When the State objected to the motion as untimely, M.J.M. requested a modified order to: (1) correct a spelling error, (2) clarify one of the statutory bases for the termination, and (3) set aside the order to pay child support. The associate judge heard argument on M.J.M.'s motion to modify on May 10 and May 14 and then issued a modified order reflecting the requested revisions. The associate judge also denied M.J.M.'s oral request to "withdraw [the] ruling on termination predicate grounds that termination was in the best interest of the children, and PMC [permanent managing conservatorship] to the Respondent."[2]

M.J.M. again moved for a de novo review by the referring court, still seeking to challenge the sufficiency of the evidence supporting the termination predicates and raising various other arguments regarding the associate judge's decisions while presiding over the case.

---

[2] The language reflects the court's denial of the request.

At the hearing on that motion, the State moved to limit the scope of de novo review,[3] arguing that the first motion was untimely with respect to the termination itself and that the second was only timely with respect to the modifications to the termination order. M.J.M. objected, arguing that the rules require at least three days' notice and that the State's motion—filed the day of the hearing—did not comply with that requirement. Although the referring court initially declined to entertain the State's motion, it nevertheless adopted the State's position, explaining:

> I will go ahead and rule in favor of the State regarding the issue of whether or not we are doing a de novo of the case in chief [i.e., the termination itself]. The answer is we are not. We're doing a de novo of the hearing that started on the 10th and ended on the 14th of May. . . . And I'm not going to address issues that would have been resolved in the de novo [if timely sought] or in the original hearing back in April . . . ."

After de novo review, the referring court vacated the associate judge's ruling on child support but affirmed the modified order in all other respects. M.J.M. moved for new trial, alleging error in the court's refusal to consider his sufficiency challenge. The district court denied the motion for new trial, and M.J.M. timely perfected this appeal.

## DISCUSSION

M.J.M. raises two points of error on appeal. First, he contends the referring court erred or abused its discretion by entertaining the State's motion to limit the scope of the de novo hearing held on June 14, 2019. Second, he argues the referring court erred by limiting the scope of that review. These arguments require us to construe certain sections of the Family Code. Statutory construction is a question of law reviewed de novo on appeal. *In re Lee*, 411 S.W.3d 445, 450 (Tex. 2013) (orig. proceeding). When interpreting statues, we give effect to the

---

[3] The motion is styled "Motion to Deny and/or Limit Respondent's De Novo Hearing."

4

Legislature's intent, which is best reflected in the language of the statute itself. *See id.*; *In re M.C.C.*, 187 S.W.3d 383, 384 (Tex. 2006). In construing statutes, we consider "the object sought to be attained" and presume "a just and reasonable result is intended" by our lawmakers. *See* Tex. Gov't Code §§ 311.021(3), .023(1). Because it is dispositive of this appeal, we will consider M.J.M.'s second point of error first. *See* Tex. R. App. P. 44.1.

The Supreme Court of Texas recently clarified, "[A] de novo hearing is not entirely independent of the proceedings before the associate judge." *See In re A.L.M.-F.*, No. 17-0603, ___ S.W.3d ____, ____, 2019 WL 1966623, at *5 (Tex. May 3, 2019). While "[t]he defining characteristic of a trial de novo is that it is a complete retrial on all issues on which the judgment was founded," *see id.*, the de novo hearing afforded by Section 201.015 of the Family Code "is a process that is mandatory when invoked but expedited in time frame and limited in scope," *see id.* at *6. That scope is limited to the issues delineated in the motion for de novo review. *See* Tex. Fam. Code § 201.015(a)(b) ("A request for a de novo hearing under this section must specify the issues that will be presented to the referring court.").

Here, M.J.M. filed two requests for de novo review: one on April 22nd and one on May 14th. The April 22nd motion was filed ten calendar days after the associate judge orally rendered judgment that the State had satisfied its burden to show termination in the children's best interest due to M.J.M.'s history of: (1) knowingly placing or allowing his children to remain in conditions that endanger their physical or emotional well-being; (2) engaging in conduct or knowingly placing the children with persons who engage in conduct that endangers their physical or emotional well-being; (3) failing to comply with provisions of court orders delineating the actions necessary for M.J.M. to obtain the return of the children. Because this motion was filed more than three working days after M.J.M. received notice of the associate

judge's decision, the referring court did not err or abuse its discretion in declining to admit evidence or hear argument on any issues raised in that motion. *See Peacock v. Humble*, 933 S.W.2d 341, 343 (Tex. App.—Austin 1996, order) (holding that the district court "did not abuse its discretion or violate any duty imposed by law" in denial of untimely request for de novo hearing); *accord In Interest of L.G.*, 517 S.W.3d 275, 277 (Tex. App.—San Antonio 2017, pet. denied).

M.J.M. submitted his second de novo request the same day the associate judge disposed of his motion to modify. That request challenged the legal and factual sufficiency of the evidence supporting that: (1) the State established the existence of the three predicate grounds for termination; (2) termination is in the children's best interest; (3) the State should be named permanent managing conservators of the children; (4) M.J.M. is not entitled to a six-month continuance to allow for compliance with court orders and the State's rehabilitation recommendations; and (5) M.J.M. should be compelled to pay post-termination child support. The request also argued that the modified order "does not comport will [sic] the findings" made in the original hearing, and that the associate judge erred in denying M.J.M.'s motion to withdraw. The request did not challenge the associate judge's modifications to the order.

The parties disagree as to whether the second request for a de novo hearing was timely. M.J.M. argues that the hearing on the motion to modify "reset" the three-working-day deadline for filing such a request. But the statute offers no support for his construction of the deadline. The applicable Section provides, "A party may request a de novo hearing before the referring court by filing with the clerk of the referring court a written request not later than the third working day after the date the party receives notice of . . . the substance of the associate judge's report as provided by Section 201.011." *See* Tex. Fam. Code § 201.015(a). Section

201.011 defines notice as, *inter alia*, "an oral statement or a copy of the judge's written report, including any proposed order." *See id*. § 201.011(c)(1). In this case, it is undisputed that the associate judge orally rendered judgment and a summary of his findings on April 12, 2019. It is equally undisputed that M.J.M. and his attorney were present for that rendition. And although M.J.M. orally requested reconsideration of the termination at the modification hearing held weeks later, the associate judge denied that request. Thus, notice of "the substance of the associate judge's report" was provided on April 12, 2019, and M.J.M. failed to timely seek de novo review of the findings and conclusions drawn therein. The district court therefore did not err or abuse its discretion in declining to entertain, at the de novo hearing, argument on M.J.M.'s challenge to the sufficiency of the evidence in support of those findings and conclusions. *See L.G*., 517 S.W.3d at 277 (discussing consequences of untimely request for de novo hearing); *Hebisen v. Clear Creek Indep. Sch. Dist*., 217 S.W.3d 527, 538 (Tex. App.—Houston [14th Dist.] 2006, no pet.) (discussing discretion of trial court to entertain arguments at de novo hearing).

Because there was no error or abuse of discretion in the district court's decision to limit the scope of argument at the de novo hearing, we need not reach M.J.M.'s first point of error, his contention that the district court erred or abused its discretion by entertaining the State's motion to limit the scope of the hearing. *See* Tex. R. App. P. 44.1(a)(1), 47.1.

## CONCLUSION

Having overruled the M.J.M.'s issues on appeal, we affirm the modified final order of termination.

_____

Edward Smith, Justice

Before Chief Justice Rose and Justices Triana and Smith

Affirmed

Filed:   December 13, 2019