

# NUMBER 13-20-00340-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

SHAMIM MEMON AND DISCOVERY
MM SERVICES, INC.,                                        Appellants,

v.

CARL MEISNER, M.D. AND GULF
COAST MEDICAL RESEARCH,
LLC,                                                              Appellees.

### On appeal from the 240th District Court
### of Fort Bend County, Texas.



# NUMBER 13-20-00426-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

## IN RE SHAMIM MEMON & DISCOVERY MM SERVICES, INC.

---

## On Petition for Writ of Mandamus.

---

## MEMORANDUM OPINION

### Before Justices Benavides, Hinojosa, and Tijerina
### Memorandum Opinion by Justice Tijerina

On July 16, 2020, appellants Shamim Memon and Discovery MM Services, Inc. (collectively Discovery) filed an appeal in the Fourteenth Court of Appeals in Houston, Texas from the trial court's April 29, 2020 judgment vacating its prior new-trial order and confirming an arbitration award in favor of appellees Carl Meisner, M.D. and Gulf Coast Medical Research, LLC (collectively Gulf Coast). Pursuant to a docket equalization order, the Texas Supreme Court transferred the case to our Court, which we filed as appellate cause number 13-20-00340-CV. On August 28, 2020, Gulf Coast filed a motion to dismiss

Discovery's appeal on the basis that the notice of appeal was untimely. Discovery responded on September 8, 2020, and Gulf Coast replied to Discovery's response on September 11, 2020. On October 19, 2020, this Court granted Discovery's motion to stay the proceedings in the trial court in this cause. On October 20, 2020, Gulf Coast filed a motion to vacate the stay.

On October 16, 2020, in appellate cause number 13-20-00426-CV, Discovery attempted to file an original petition for writ of mandamus requesting for this Court to order the respondent, The Honorable Frank J. Fraley of the 240th Judicial District Court of Fort Bend County, Texas, to allow them to supersede the April 29 judgment and to grant their motion to disqualify Gulf Coast's trial counsel. We dismiss both causes for want of jurisdiction.

## I. DISCOVERY'S APPEAL IN APPELLATE CAUSE 13-20-00340-CV

Gulf Coast contends in its motion to dismiss that Discovery's notice of appeal was untimely. Specifically, Gulf Coast argues that Discovery's motion for new trial did not extend the deadline to file a notice of appeal in this case. We agree with Gulf Coast.

A notice of appeal must generally be filed within thirty days after the trial court's judgment is signed. TEX. R. APP. P. 26.1. The deadline to file a notice of appeal is extended to ninety days after the judgment is signed if any party timely files, among other things, a motion for new trial. *Id*. R. 26.1.(a)(1). A motion that extends the appellate deadlines must be filed within thirty days after the judgment or other complained-of order is signed. TEX. R. CIV. P. 329b(a) (providing a thirty-day deadline to file a motion for new trial); *see also Rivera v. McCaskill*, No. 13-19-00380-CV, 2019 WL 4309586, at *1 (Tex.

3

App.—Corpus Christi–Edinburg Sept. 12, 2019, no pet.) (mem. op.) ("An untimely filed motion for new trial does not extend the deadline for appeal."). A reviewing court lacks jurisdiction and must dismiss the case if the notice of appeal is untimely. *Wilkins v. Methodist Health Care Sys.*, 160 S.W.3d 559, 564 (Tex. 2005); *In re L.G.*, 517 S.W.3d 275, 277 (Tex. App.—San Antonio 2017, pet. denied).

Here, the trial court signed the judgment on April 29, 2020, requiring Discovery to file its motion for new trial within thirty days of that date. However, Discovery did not file its motion for new trial until July 7, 2020, which is over sixty days after the trial court signed the April 29 judgment.

Discovery's motion for new trial was untimely, and accordingly, Discovery's notice of appeal was due thirty days after the judgment was signed. However, Discovery did not file its notice of appeal until July 16, 2020. We are not at liberty to extend the deadline to file the notice of appeal other than as provided by the appellate rules.[1] *See* TEX. R. APP. P. 2 (stating that the appellate courts may suspend a rule's operation in a particular case but may not "alter the time for perfecting an appeal in a civil case"). Thus, the Court, having examined and fully considered the documents on file, Gulf Coast's motion to dismiss the appeal, Discovery's response to the motion, and Discovery's failure to timely perfect this appeal, is of the opinion that the appeal should be dismissed for want of

---

[11] In their response to Gulf Coast's motion to dismiss, Discovery argues that we should construe the appeal as a restricted appeal of the April 29, 2020 judgment. However, Discovery did not file a notice of restricted appeal pursuant to the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 25.1(d)(7) (requiring that the parties file a notice of restricted appeal that contains statements that the parties did not participate in the hearing resulting in the complained-of judgment, the parties did not file a timely notice of appeal or post-judgment motion extending the appellate timetables); *id*. R. 30 (allowing restricted appeals). Nonetheless, it is undisputed that Discovery participated in the hearing which resulted in the complained-of April 29, 2020 judgment. *See Texaco, Inc. v. Cent. Power & Light Co.*, 925 S.W.2d 586, 589 (Tex. 1996).

jurisdiction. In addition, because we lack jurisdiction over this appeal, we are of the opinion that Gulf Coast's motion to vacate the stay in this cause should be granted. Accordingly, we GRANT Gulf Coast's motion to vacate the stay and motion to dismiss this appeal, lift the stay imposed in this cause, and the appeal is hereby DISMISSED FOR WANT OF JURISDICTION.[2] *See* TEX. R. APP. P. 42.3(a).

## II. DISCOVERY'S MANDAMUS IN APPELLATE CAUSE 13-20-00426-CV

Section 22.221 of the Texas Government Code governs our jurisdiction, and it expressly limits our mandamus jurisdiction to writs of mandamus issued against "a judge of a district or county court in the court of appeals' district" or against a "judge of a district court who is acting as a magistrate at a court of inquiry . . . in the court of appeals district." See TEX. GOV'T CODE ANN. § 22.221(b). Nonetheless, we have the statutory authority to issue all writs necessary to enforce our jurisdiction. *See id*. § 22.221(a); *In re Richardson*,

---

[2] Without citing the Texas Supreme Court's order or setting out what it states, Discover asserts in its prayer the following:

> Appellees attempt to avoid the questions of an arbitration award in the absence of party and counsel, the confirmation of the award in light of the malpractice of the arbitration counsel raised in both motions for new trial; defects in the reconsideration after the grant of new trial, defects in the denial of the second motion for new trial raised by the terms of the second final judgment, the finality of the purported final judgment **and the extension of deadlines by the Texas Supreme Court's Emergency Orders**.

(Emphasis added). Nonetheless, as pointed out by Gulf Coast, the Texas Supreme Court's applicable order does not require that appellate timetables be extended. Specifically, the order states:

> Any deadline for the filing or service of any civil case that falls on a day between March 13, 2020, and June 1, 2020, is extended until July 15, 2020. **This does not include deadlines for perfecting appeal or for other appellate proceedings**, requests for relief from which should be directed to the court involved and should be generously granted.

(Emphasis added). Discovery does not make any substantive argument supporting a conclusion that they are entitled to relief under the supreme court's order. Moreover, they filed their notice of appeal on July 16, 2020, which is outside the order's extension. Accordingly, we conclude that this order does not apply to Discovery's appeal.

327 S.W.3d 848, 851 (Tex. App.—Fort Worth 2010, orig. proceeding); *In re Phillips*, 296 S.W.3d 682, 684 (Tex. App.—El Paso 2009, orig. proceeding); *see also In re Champagne*, No. 13-12-00481-CR, 2012 WL 3135905, at *1 (Tex. App.—Corpus Christi–Edinburg July 27, 2012, no pet.) (mem. op.). Thus, to protect the subject matter of an appeal or to prohibit an unlawful interference with the enforcement of our orders and judgments, we may issue a writ of mandamus or prohibition. *In re Richardson*, 252 S.W.3d at 831; *see also In re Champagne*, 2012 WL 3135905, at *1.

As explained above, appellate cause number 13-20-00340-CV, was transferred to this Court by the Texas Supreme Court as part of its docket equalization activities. *See* TEX. GOV'T CODE ANN. § 73.001. And as previously stated, we lack jurisdiction over Discovery's appeal in appellate cause number 13-20-00340-CV because the notice of appeal was untimely.

In its mandamus, Discovery complained that the trial court would not supersede the April 29 judgment during the pendency of Discovery's appeal in appellate cause 13-20-00340-CV and that the trial court improperly denied its motion to disqualify Gulf Coast's trial counsel. Because we have dismissed Discovery's appeal in that cause, the actions complained of in this original proceeding are not ancillary or related to any appeal filed in this Court. *See In re Richardson*, 252 S.W.3d at 830; *see also In re Champagne*, 2012 WL 3135905, at *1. Accordingly, Discovery cannot show that the requested mandamus relief is necessary to enforce the jurisdiction of this Court insofar as it pertains to any appeal in this Court. *See* TEX. GOV'T CODE ANN. § 22.221(a); *see also In re Champagne*, 2012 WL 3135905, at *1.

6

Accordingly, we lack jurisdiction over this original proceeding. On October 16, 2020, the Clerk of this Court notified relators of a jurisdictional defect, so steps could be taken to correct the defect, if it could be done. *See* TEX. R. APP. P. 37.1, 42.3. Relators were advised that, if the defect was not corrected within three days from the date of receipt of the notice, the appeal would be dismissed for want of jurisdiction. Relators did not file a response to cure the defect. Accordingly, this original proceeding is DISMISSED FOR WANT OF JURISDICTION.   *See* TEX. R. APP. P. 42.3(a).

JAIME TIJERINA
Justice

Delivered and filed the
28th day of October, 2020.