

# NUMBER 13-22-00494-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

CITY OF ALTON, A MUNICIPAL CORPORATION,　　　　　Appellant,

v.

MUTUAL EQUITY, LLP,　　　　　　　　　　　　　　　Appellee.

## On appeal from the County Court at Law No. 4 of Hidalgo County, Texas.

# MEMORANDUM OPINION

**Before Justices Longoria, Hinojosa, and Silva**
**Memorandum Opinion by Justice Silva**

Appellant City of Alton, a Municipal Corporation, filed a notice of appeal regarding the trial court's "Order Denying Plaintiff's Motion to Dismiss" signed on September 20, 2022. Appellant filed a "Notice of Interlocutory Appeal" on October 14,

2022. On October 19, 2022, the Clerk of this Court notified appellant that the notice of appeal had not been timely filed, requested correction of this defect, if possible, and advised appellant that the appeal would be dismissed if the defect was not corrected within ten days. *See* TEX. R. APP. P. 37.1, 42.3(a). The Clerk also advised appellant that the notice of appeal failed to comply with Texas Rule of Appellate Procedure 25.1(d)(6). *See id.* R. 25.1(d)(6), 42.3(c). Appellant did not respond to the Clerk's notice.

"A timely notice of appeal is an essential prerequisite for the appellate court's jurisdiction." *Mitschke v. Borromeo*, 645 S.W.3d 251, 253 (Tex. 2022). If the appeal is not timely perfected, we must dismiss the appeal for lack of jurisdiction. *See In re J.J.R.*, 599 S.W.3d 605, 610 (Tex. App.—El Paso 2020, no pet.); *In re L.G.*, 517 S.W.3d 275, 277 (Tex. App.—San Antonio 2017, pet. denied) (per curiam); *Baker v. Baker*, 469 S.W.3d 269, 272 (Tex. App.—Houston [14th Dist.] 2015, no pet.).

A notice of accelerated appeal must be filed within twenty days after the date the order or judgment is signed. TEX. R. APP. P. 26.1(b). The deadline may be extended by fifteen days if, within that fifteen-day period, the appellant files the notice of appeal in the trial court and files a motion to extend time in the court of appeals. *See id.* R. 26.3; *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997). A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by Rule 26.1, but within the fifteen-day extension period provided by Rule 26.3. *See* TEX. R. APP. P. 26.1, 26.3; *Verburgt*, 959 S.W.2d at 617–18 (construing the predecessor to Rule 26.1); *City of Dallas v. Hillis*, 308 S.W.3d

2

526, 529 (Tex. App.—Dallas 2010, pet. denied). "Although a motion for extension of time is necessarily implied, appellant must still provide a reasonable explanation for failing to file the notice of appeal timely." *Baker v. Regency Nursing & Rehab. Ctrs., Inc.*, 534 S.W.3d 684, 685 (Tex. App.—Corpus Christi–Edinburg 2017, no pet.); *see Jones v. City of Houston*, 976 S.W.2d 676, 677 (Tex. 1998); *Batra v. Covenant Health Sys.*, 562 S.W.3d 696, 705 (Tex. App.—Amarillo 2018, pet. denied). The deadline to file a notice of appeal in an accelerated case is not extended by filing a motion for new trial. *See* TEX. R. APP. P. 28.1(b); *In re K.A.F.*, 160 S.W.3d 923, 927 (Tex. 2005).

Here, the order subject to appeal was signed on September 20, 2022, thus, appellant's notice of appeal was due by October 10, 2022. *See* TEX. R. APP. P. 26.1(b). Appellant's notice of appeal was not filed within this deadline but was instead filed on October 14, 2022. Appellant's notice of appeal was filed within the fifteen-day grace period provided by Rule 26.3, thus warranting an implied motion for extension of time, however, appellant has failed to provide a reasonable explanation for failing to timely file the notice of appeal. *See Jones*, 976 S.W.2d at 677; *Baker*, 534 S.W.3d at 685. Appellant's notice of appeal was untimely, and under these circumstances, we lack jurisdiction and must dismiss the appeal. *See* TEX. R. APP. P. 42.3(a); *In re L.G.*, 517 S.W.3d at 277; *Haase v. Abraham, Watkins, Nichols, Sorrels, Agosto & Friend, LLP*, 404 S.W.3d 75, 80 (Tex. App.—Houston [14th Dist.] 2013, no pet.).

The Court, having examined and fully considered the documents on file and the applicable law, is of the opinion that this appeal should be dismissed. Accordingly, we

3

dismiss this appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a).[1]

CLARISSA SILVA
Justice

Delivered and filed on the
1st day of December, 2022.

---

[1] Because appellant failed to respond to our directives regarding the timeliness of the appeal and the defects in the notice of appeal, we do not address other concerns raised by our review of the clerk's record, including whether the appeal was authorized by statute. *See, e.g.*, TEX. CIV. PRAC. & REM. CODE ANN. § 51.014; *Bonsmara Nat. Beef Co., LLC v. Hart of Tex. Cattle Feeders, LLC*, 603 S.W.3d 385, 390 (Tex. 2020).