

# NUMBER 13-24-00589-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

JOHN DOUGLAS PELKO,                                        Appellant,

v.

CYNTHIA CORONA,                                          Appellee.

## ON APPEAL FROM THE 347TH DISTRICT COURT
## OF NUECES COUNTY, TEXAS

# MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices West and Fonseca
Memorandum Opinion by Justice West**

On December 3, 2024, appellant John Douglas Pelko filed a pro se notice of appeal from a protective order signed on October 25, 2024, in favor of Cynthia Corona in a family law case. On December 4, 2024, the Clerk of the Court notified appellant that his appeal had not been timely perfected, requested correction of this defect, if possible, and advised appellant that the appeal would be dismissed if the defect was not cured within ten days.

*See* TEX. R. APP. P. 37.1. Appellant did not respond to the Clerk's directive or otherwise correct the defect in his notice of appeal.

"A timely notice of appeal is an essential prerequisite for the appellate court's jurisdiction." *Mitschke v. Borromeo*, 645 S.W.3d 251, 253 (Tex. 2022). If the appeal is not timely perfected, we must dismiss the appeal for lack of jurisdiction. *See In re J.J.R.*, 599 S.W.3d 605, 610 (Tex. App.—El Paso 2020, no pet.); *In re L.G.*, 517 S.W.3d 275, 277 (Tex. App.—San Antonio 2017, pet. denied) (per curiam); *Baker v. Baker*, 469 S.W.3d 269, 272 (Tex. App.—Houston [14th Dist.] 2015, no pet.).

In the absence of an appropriate post-judgment motion, a notice of appeal must be filed within thirty days after the date the order or judgment is signed. TEX. R. APP. P. 26.1. The deadline may be extended by fifteen days if, within that fifteen-day period, the appellant files the notice of appeal in the trial court and files a motion to extend time in the court of appeals. *See id.* R. 26.3; *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997). A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by Rule 26.1, but within the fifteen-day extension period provided by Rule 26.3. *See* TEX. R. APP. P. 26.1, 26.3; *Verburgt*, 959 S.W.2d at 617–18 (construing the predecessor to Rule 26.1); *City of Dall. v. Hillis*, 308 S.W.3d 526, 529 (Tex. App.—Dallas 2010, pet. denied). However, "[a]lthough a motion for extension of time is necessarily implied, appellant must still provide a reasonable explanation for failing to file the notice of appeal timely." *Baker v. Regency Nursing & Rehab. Ctrs., Inc.*, 534 S.W.3d 684, 685 (Tex. App.—Corpus Christi–Edinburg 2017, no pet.); *see Jones v. City of Houston*, 976 S.W.2d 676, 677 (Tex. 1998);

*Batra v. Covenant Health Sys.*, 562 S.W.3d 696, 705 (Tex. App.—Amarillo 2018, pet. denied).

Here, the protective order was signed on October 25, 2024, and the record fails to indicate that appellant filed any post-judgment motions which might have extended the deadline to file the notice of appeal. Accordingly, appellant's notice of appeal was due to be filed within thirty days, or by November 25, 2024. *See* TEX. R. APP. P. 4.1(a), 26.1. Appellant's notice of appeal was not filed within this deadline but was instead filed on December 3, 2024. Appellant's notice of appeal was filed within the fifteen-day grace period provided by Rule 26.3, thus warranting an implied motion for extension of time, however, appellant failed to provide a reasonable explanation for failing to timely file the notice of appeal. *See Jones*, 976 S.W.2d at 677; *Baker*, 534 S.W.3d at 685. Appellant's notice of appeal was untimely, and under these circumstances, we lack jurisdiction and must dismiss the appeal. *See* TEX. R. APP. P. 42.3(a); *In re L.G.*, 517 S.W.3d at 277; *Haase v. Abraham, Watkins, Nichols, Sorrels, Agosto & Friend, LLP*, 404 S.W.3d 75, 80 (Tex. App.—Houston [14th Dist.] 2013, no pet.).

The Court, having examined and fully considered the documents on file and the applicable law, is of the opinion that we lack jurisdiction over this appeal. Accordingly, we dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a).

JON WEST
Justice

Delivered and filed on the
13th day of February, 2025.

3