

# NUMBERS 13-26-00361-CV, 13-26-00362-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

**MARIO LINAN AND NORMA LINAN,**                    **Appellants,**

**v.**

**CITY OF SAN BENITO, TEXAS,**                    **Appellee.**

## ON APPEAL FROM THE 404TH DISTRICT COURT
## OF CAMERON COUNTY, TEXAS

# MEMORANDUM OPINION

**Before Justices Pena, West, and Fonseca**
**Memorandum Opinion by Justice West**

On May 1, 2026, appellants Mario Linan and Norma Linan filed notices of appeal from orders rendered in trial court cause number 2020-DCL-03081-G. Appellants' notices of appeal, filed in our appellate cause numbers 13-26-00361-CV and 13-26-00362-CV, both assail orders signed on May 5, 2021, and February 11, 2022. We address both

appellate causes in this single memorandum opinion in the interest of judicial efficiency and economy. We dismiss the appeals for lack of jurisdiction.

"A timely notice of appeal is an essential prerequisite for the appellate court's jurisdiction." *Mitschke v. Borromeo*, 645 S.W.3d 251, 253 (Tex. 2022); *see Abraham v. Hernandez*, 705 S.W.3d 416, 423 (Tex. App.—El Paso 2024, no pet.). A notice of appeal is generally required to be filed within thirty days after the judgment is signed. *See* TEX. R. APP. P. 26.1. This deadline may be extended to ninety days after the judgment is signed if the appellant files a timely motion for new trial or other appropriate post-judgment motion. *See id.* R. 26.1(a); TEX. R. CIV. P. 329b(a). When a notice of appeal is not timely filed, we must dismiss the appeal for lack of jurisdiction. *See In re J.J.R.*, 599 S.W.3d 605, 610 (Tex. App.—El Paso 2020, no pet.); *In re L.G.*, 517 S.W.3d 275, 277 (Tex. App.—San Antonio 2017, pet. denied) (per curiam); *Baker v. Baker*, 469 S.W.3d 269, 272 (Tex. App.—Houston [14th Dist.] 2015, no pet.).

On May 6, 2026, the Clerk of the Court notified appellants that it appeared that their appeals were not timely perfected. *See* TEX. R. APP. P. 26.1, 37.1, 42.3(a). The Clerk advised appellants that the appeals would be dismissed if the defect was not corrected within ten days of receipt of the notices. Appellants did not respond to the Clerk's directive or otherwise correct the defects in their notices of appeal.

The Court, having examined and fully considered the documents on file and the applicable law, is of the opinion that appellants' notices of appeal were not timely filed. The trial court signed the orders at issue on May 5, 2021, and February 11, 2022, and

2

appellants filed their notices of appeal more than four years late. Accordingly, we dismiss

the appeals for lack of jurisdiction. *See* TEX. R. APP. P. 42.3(a).

JON WEST<br>
Justice

Delivered and filed on the
18th day of June, 2026.